HEFNER, STARK & MAROIS, LLP
Howard S. Nevins (CA Bar Assn. No. 119366)
Aaron A. Avery (CA Bar Assn. No. 245448)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-4136
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: aavery@hsmlaw.com

Attorneys for
GARY FARRAR,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### (Modesto Division)

| | |
|---|---|
| In re<br><br>JOHN LAWRENCE BERGMAN AND MONICA DIANE BERGMAN,<br><br>Debtors. | Case No.: 15-90411-E-7<br><br>DC No.: HSM-006<br><br>Date: December 3, 2015<br>Time: 10:30 a.m.<br>Place: 1200 I Street, Suite 4<br>Modesto, CA<br>Judge: Hon. Ronald H. Sargis |

**TRUSTEE'S MOTION FOR APPROVAL OF SALE OF REAL PROPERTY (604 S. RUSK ST, SHERMAN, TX 75090) AND TO PAY EXPENSES OF SALE, INCLUDING COMMISSION TO REAL ESTATE AGENT**

GARY FARRAR, the duly appointed Chapter 7 Trustee ("Trustee") in the pending bankruptcy case of JOHN LAWRENCE BERGMAN AND MONICA DIANE BERGMAN (the "Debtors"), Case No. 15-90411-E-7, files this Trustee's Motion for Approval of Sale of Real Property (604 S. Rusk St, Sherman, TX 75090) and to Pay Expenses of Sale, Including Commission to Real Estate Agent ("Motion"), as follows:

1. This case was filed as a voluntary petition under Chapter 7 of the Bankruptcy Code on April 27, 2015. The Trustee was appointed as the Chapter 7 Trustee on April 28, 2015, and presently serves in that capacity.

2. Jurisdiction for the filing of this Motion exists pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 330, 363(b) and 503(b); Federal Rule of Bankruptcy Procedure 6004, and the reference to this court by the District Court for the Eastern District of California.

1

\\hsmfs2\clients\Farrar, Gary\Bergman, John & Monica (7688-0023)\Pldg (hsm-06) sell rusk prop\pldg mtn sell rusk property.doc

## Introduction and Relief Requested

3. One of the assets of the Estate, and the property that is the subject of this Motion, consists of the Estate's right, title, and interest in and to that certain real property commonly known as 604 S. Rusk St., Sherman, Texas 75090 (the "Property"). The Property was listed on the Debtors' Schedule A filed in this case on April 27, 2015 [Docket No. 1], with an estimated value of $10,000.00, and no monetary encumbrances. The Debtors have claimed a $10,000.00 Wildcard exemption in the Property pursuant to Cal. Code Civ. P. Sec. 703.140(b)(1) & (5). [Docket No. 1].

4. After the Trustee's appointment in this case, and based on his investigation of the Property, the Trustee elected to retain Ebby Halliday Real Estate Inc., a real estate brokerage firm ("Ebby" or "Firm"), and specifically Elena Jackson of said firm, as his real estate salesperson ("Ms. Jackson") (Firm and Ms. Jackson, collectively, "Agent"). An application requesting court approval of the employment of the Firm/Agent on behalf of the Estate, and was approved by this court on September 24, 2015. Firm/Agent has agreed to sell the Property for a commission of six percent (6%) of the gross sale price, subject to approval of the Court.

5. This Motion seeks approval from the court for: (i) the Trustee's entry of the Purchase Agreement (defined below) and sale of the Property pursuant to the terms thereof; (ii) payment through escrow of expenses of closing associated with this sale, including undisputed real estate taxes and assessments; and, (iii) payment of the brokerage commission, to be split and paid to Firm/Agent and cooperating broker Fathom Realty (Lorena C. de Velasquez, associate) ("Cooperating Broker"), through escrow, with each receiving a commission in the amount of three percent (3%) of the Purchase Price, if the proposed sale is approved and consummated.

## Purchase Agreement

6. Pursuant to the efforts of the Agent, the Trustee has received and accepted an offer to purchase the Property for $29,900.00 from Moises Perez ("Buyer"), subject to court approval and overbidding. The terms of the proposed sale are set forth in that certain One to

2

\\hsmfs2\clients\Farrar, Gary\Bergman, John & Monica (7688-0023)\Pldg (hsm-06) sell rusk prop\pldg mtn sell rusk property.doc

Four Family Residential Contract (Resale) (the "Purchase Agreement"). A true and correct copy of the Purchase Agreement and addendum is attached as Exhibit "A" to the Exhibits Cover Sheet filed and served with this Motion.

    7.    The material terms of the Purchase Agreement are as follows:

    a.    The proposed sale of the Property and the Purchase Agreement are subject to Bankruptcy Court approval through the granting of this Motion;

    b.    The Purchase Price for the Property is $29,900 ("Purchase Price" or "Sales Proceeds"). The Purchase Price is an all cash offer, with no financing contingency;

    c.    Buyer shall deposit $500.00 earnest money ("Deposit") into escrow;

    d.    Buyer will pay the Purchase Price and close escrow on or before the later of December 15, 2015, or seven (7) days after objections made in connection with the title insurance commitment are cured or waived (the "Closing Date").

    e.    The following closing costs will be allocated to the Estate and paid from the Sales Proceeds: (i) one-half the cost of the escrow fee; (ii) the premium for the standard coverage title insurance policy; (iii) the costs to prepare and record the deed and other costs related thereto, including the documentary transfer tax; (iv) the undisputed prorated share of real property taxes and assessments secured against the Property (including the costs to cure all delinquencies related thereto); (v) any amounts required to be withheld for state or federal taxes; and, (vi) the entire broker's commission to be split and paid to Firm/Agent and Cooperating Broker, with both paid through escrow. **In connection with this Motion, the Trustee seeks authorization to pay the above items through escrow, without further court order.** The portion of the Sales Proceeds remaining after deduction of the foregoing costs allocable to the estate as Seller, and after payment of the commission as approved by the Court, shall be referred to herein as the "Net Sales Proceeds."

    f.    The sale of the Property is As-Is. The Trustee is aware of no monetary encumbrances on the Property, with the exception of possible real property taxes which will be paid current through escrow. Therefore, although the Purchase Agreement states that "Title will be free and clear of all liens of record," the Trustee does not seek a free and clear sale

order pursuant to 11 U.S.C. Sec. 363(f). Section 6 of the Purchase Agreement describes the manner in which the Buyer may object to or waive exceptions, if any, disclosed on the commitment for title insurance. If any monetary liens are discovered to exist against the Property, delivery of title free and clear from such other monetary liens may require the cooperation and consent of any lien holders.

g. Buyer will acquire, as part of the Property, all improvements and any fixtures located on the Property in which this bankruptcy Estate owns any interest therein.

h. The proposed sale to Buyer is subject to overbidding at the hearing on this Motion. If no overbids for the Property are made at the hearing on this Motion, or if the Buyer is the highest bidder for the Property at the hearing on the Motion, Buyer shall pay the Purchase Price or the highest price bid by Buyer at the hearing on the Motion, whichever is greater. If a Qualified Overbidder outbids Buyer, and Buyer so elects, Buyer shall remain obligated to buy the Property at the Purchase Price or its highest bid, if the overbidder fails to close and Buyer is the next highest bidder on the Property. If a Qualified Overbidder outbids Buyer and closes its purchase of the Property, then the Purchase Agreement shall terminate and the Deposit shall be returned to Buyer, except as provided for in the Purchase Agreement.

### Fair Price for Property

8. Since his appointment, the Trustee has investigated the Property, and has engaged a competent local real estate professional to market it. This Property was previously a rental, and required significant cleanup costs in order to prepare it for sale. As set forth in their Schedule A filed April 27, 2015, the Debtors valued the Property at $10,000.00. Pursuant to the Purchase Agreement, the Purchase Price will exceed Debtors' estimated value by approximately $19,900.00, representing an increase of approximately 300% from the Debtors' estimated value. The Purchase Price was the highest among several offers received by the Trustee. Accordingly, based in part on the significant increase in price from Debtors' estimated value, the exposure of the Property to market, and previous consultations with his real estate professional, the Trustee believes that the Purchase Price represents fair value to the Estate and a fair market value for the Property.

4

\\hsmfs2\clients\Farrar, Gary\Bergman, John & Monica (7688-0023)\Pldg (hsm-06) sell rusk prop\pldg mtn sell rusk property.doc

## Proposed Terms for Overbidding

9. The Trustee proposes that any persons or entities wishing to bid on the Property be required to first become a qualified overbidder (a "Qualified Overbidder") in the manner set forth below, prior to the commencement of the hearing on the Motion.

10. Any person or entity wishing to become a Qualified Overbidder must, prior to the commencement of the hearing on the Motion, deliver to the Trustee: (i) the Overbidder Deposit and (ii) a showing of financial ability to perform. The "Overbidder Deposit" shall consist of a non-refundable deposit in the amount of $500.00, in the form of a cashier's check or money order made payable to Gary Farrar, Chapter 7 Trustee of the John Lawrence Bergman and Monica Diane Bergman Bankruptcy Estate," which will be applied to the purchase price for the Property if the Qualified Overbidder is the successful purchaser following the hearing on the Motion. The financial showing shall include, without limitation, either the overbidder's ability to fund payment of the entire Purchase Price in cash by the closing date described in the Purchase Agreement, or qualifications acceptable to Trustee to obtain a loan to fund the balance of the Purchase Price by the closing date described in the Purchase Agreement.

11. Prior to the hearing, a Qualified Overbidder may obtain permission from the Trustee to inspect the Property in order to investigate the Property and waive all contingencies to its purchase thereof, including approval of the condition of the Property and state of title. Any such inspection shall be subject to the Qualified Overbidder (i) delivering the Deposit and showing of financial ability to perform as provided above, and (ii) executing a form of Purchase and Sale Agreement on the same terms as the Purchase Agreement entered into by Buyer. By submitting an overbid at the sale hearing, any Qualified Overbidder shall be deemed to have conclusively waived all contingencies to the purchase of the Property under the Purchase Agreement waived by Buyer prior to the hearing on the Motion.

12. If a Qualified Overbidder is not successful at the hearing, the Overbidder Deposit shall be returned to such Qualified Overbidder upon the entry of the order confirming the successful bidder for the Property. If a Qualified Overbidder is approved as the high bidder but breaches its obligation to consummate the sale for any reason or otherwise breaches its

HEFNER, STARK & MAROIS, LLP
Sacramento, CA

\\hsmfs2\clients\Farrar, Gary\Bergman, John & Monica (7688-0023)\Pldg (hsm-06) sell rusk prop\pldg mtn sell rusk property.doc

HEFNER, STARK & MAROIS, LLP
Sacramento, CA

\\hsmfs2\clients\Farrar, Gary\Bergman, John & Monica (7688-0023)\Pldg (hsm-06) sell rusk prop\pldg mtn sell rusk property.doc

covenants to the Trustee and the Estate, its Overbidder Deposit shall be retained and administered as an asset of the Estate.

13. The Trustee proposes that the initial overbid be $30,000.00 and subsequent overbids, if any, be in increments of $500.00. The high bidder must purchase the Property on terms identical to those set forth in the Purchase Agreement and subject to any modifications ordered by the court. If the Buyer is the high bidder, it shall pay the greater of its high bid or $30,000.00 for the Property. In the event a Qualified Overbidder outbids the Buyer, Buyer's offer to purchase the Property pursuant to the terms of the Purchase Agreement may be maintained by Buyer as a back-up offer (with the Purchase Price based on the highest bid made by Buyer at the hearing on the Motion), for a period of 30 days following the hearing on the Motion, at Buyer's election at the hearing on he Motion. Any such back-up offer shall become effective upon the overbidder's failure to close in accordance with the terms of the Purchase Agreement, as may be modified by the court, so long as Buyer's Purchase Price is the next highest bid for the Property. If a Qualified Overbidder closes its purchase of the Property, then the Purchase Agreement shall terminate and the Deposit shall be returned to Buyer, except as provided for in the Purchase Agreement.

### Authorization to Pay Commission to Firm/Agent and Cooperating Broker

14. In connection with this Motion, the Trustee requests authorization to pay Firm/Agent a commission of six percent (6%) of the gross sale price of the Property. The Trustee required the professional services of Firm/Agent to act as the estate's agent to market and sell the Property. As set forth in the Purchase Agreement, if payment of the commission to Firm/Agent is approved by the court, the Firm/Agent will be sharing one-half of the commission with Cooperating Broker at closing. In connection with this Motion, the Trustee seeks authorization to directly pay Firm/Agent and Cooperating Broker their respective shares of the commission (3% each), through escrow.

15. Based on his experience as a Chapter 7 trustee, the Trustee believes that the 6% commission is within the range of customary and reasonable fees charged and paid in the area for professional brokerage services in connection with commercial real estate such as the

Property.

16. Based upon Firm/Broker's employment application herein, the Trustee is informed and believes that Firm/Agent is disinterested within the meaning of the Bankruptcy Code for purposes of this engagement.

17. The Trustee believes that Firm/Agent has carried out and continues to carry out its responsibilities to the estate, and that payment of the commission set forth herein is appropriate and in the best interests of the estate and its creditors.

### Waiver of Stay of Effectiveness of Order on Sale Motion

18. Pursuant to Federal Rule of Bankruptcy Procedure 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." In this case, The Trustee submits that cause exists for a waiver of the stay of the order on this Motion. The Purchase Agreement requires the Buyer to close escrow in connection with the sale Motion by December 15, 2015, which is less than 14 days after the hearing on this Motion. In light of that payment schedule, the relatively low value of the Property, and the potential costs to the estate from continued ownership of the Property, it is in the best interests of the estate and its creditors to consummate the parties' Purchase Agreement promptly, and a waiver of the stay of effectiveness of the Court's order granting this Motion is appropriate.

**WHEREFORE**, the Trustee respectfully requests the court enter an order authorizing him to:

1. sell the estate's interest in the Property to the Buyer on the terms and conditions set forth above and in the Purchase Agreement, or alternatively to the successful Qualified Overbidder at the hearing on the Motion on the terms set forth in the Purchase Agreement and subject to any modifications ordered by the Court;

2. sell the Property on an "as is" basis;

3. sign any and all documents that may be appropriate and/or necessary to consummate the sale;

4. pay through escrow the estate's portion of closing costs and other charges,

including: (i) one-half the cost of the escrow fee; (ii) the premium for the standard coverage title insurance policy; (iii) the costs to prepare and record the deed and other costs related thereto, including the documentary transfer tax; (iv) the undisputed prorated share of real property taxes and assessments secured against the Property (including the costs to cure all delinquencies related thereto); (v) any amounts required to be withheld for state or federal taxes; and, (vi) the entire broker's commission to be split and paid to Firm/Agent and Cooperating Broker, with both paid through escrow; and for,

    5.    waiver of the Federal Rule of Bankruptcy Procedure 6004(h) stay of effectiveness of the order on this Motion; and,

    6.    such other and further relief as the Court deems necessary and proper

Dated: November 5, 2015        HEFNER, STARK & MAROIS, LLP

By _____
Aaron A. Avery, Attorneys for
GARY FARRAR, Chapter 7 Trustee